1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

STEVEN D. PROTHEROE,                          )
                                              )
                         Plaintiff,           )          Case No.: 2:11-cv-00228-GMN-RJJ
            vs.                               )
                                              )      **ORDER GRANTING DEFENDANT'S**
INDYMAC BANK/ONE WEST, NDEX                   )        **MOTION TO DISMISS (ECF 4)**
WEST, LLC, MILA, INC., LAWYERS                )
TITLE OF NEVADA, INC., and MERS,              )
                                              )
                         Defendants.          )
_____          )

5

6

7

8

9

10

11          Before the Court is Defendant Mortgage Electronic Registration System, Inc.'s

12  ("MERS") Motion to Dismiss Complaint (Doc. No. 4), Plaintiff's Response (Doc. No. 7) and

13  Plaintiff's Motion to Amend / Correct Complaint. (Doc. No.8).

14          Defendant moves the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6)

15  and 41(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which

16  relief may be granted.  Defendant additionally argues that Plaintiff's Complaint should be

17  dismissed with prejudice as it fails to comply with Rules 8 and 10.

18          In his Response, Plaintiff admits that his complaint is deficient.

19                  "Plaintiff concedes that in the numerous ways cited he has failed
20                  to state a claim as presently written in compliance with the
                    requirements of the court's rules as cited in the motion and here
21                  advises the court he is in the process of amending his complaint
                    correcting these or will withdraw those issues entirely if it is
22                  determined the facts he is able to prove will not support it."

23

24  (Response, Doc No. 7 at page 2).  The Court does find that Plaintiff's one-hundred-and-

25  forty-one (141) page complaint fails to claim any specific allegations or provide any factual

basis for any specific causes of action.  Plaintiff asks the court for leniency due to the fact that he is not a lawyer and is a self-represented litigant.  Plaintiff requests an opportunity to either amend or withdraw (voluntarily dismiss) his complaint.

The Court does appreciate the Plaintiff's candor as well as the inherent difficulty of Plaintiff's position.  However, a self-represented litigant "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  Further, p*ro se* litigants in a civil case should not be treated more favorably than parties with attorneys of record.  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (upholding summary judgment against pro se plaintiff in civil rights case where plaintiff failed to file responsive material in opposition of summary judgment motion).  *Pro se* litigants must follow the same rules of procedure that govern all litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). However, the Court will allow Plaintiff an opportunity to file an Amended Complaint. The Court hereby GRANTS Defendant's Motion to Dismiss (Doc. No. 4).  Plaintiff's Complaint is **DISMISSED** ***without prejudice***.  Plaintiff will have fourteen (14) days from the filing date of this Order to file an Amended Complaint.  Accordingly, Plaintiff's Motion to Amend (Doc. No. 8) is **DENIED** as moot.

DATED this 11th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge