# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN D. PROTHEROE, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-00228-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| INDYMAC BANK/ONE WEST, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On April 11, 2011, the Court dismissed Plaintiff's Complaint but gave him fourteen days in which to amend and re-file it. (*See* Order, ECF No. 10.) Those fourteen days have long since passed, and Plaintiff has not filed an Amended Complaint.

Because Plaintiff has failed to file an Amended Complaint within the time period specified by the Court, Defendants Mortgage Electronic Registration System, Inc. and OneWest Bank, FSB have filed a Motion to Dismiss (ECF No. 12) in which they ask the Court to dismiss this lawsuit with prejudice due to Plaintiff's failure to prosecute the case and abide by the Court's Order. This Motion (ECF No. 12) will be granted.

## I. DISCUSSION

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the [ultimate] dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the case." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). In order for a court to dismiss a lawsuit as a sanction for failing to comply with a court order, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990.

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.  Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to file an Amended Complaint has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Although the public policy favoring disposition of cases on their merits cuts against dismissal, it is unlikely that this case would be resolved on the merits anyway, as this lawsuit has remained stalled on the Court's docket for nearly two months without a governing Complaint.  Similarly, it is not clear that any less drastic alternatives exist that would allow this case to be resolved on the merits: although on April 22, 2011 Plaintiff noted that he intended to amend his Complaint, he did not do so or take any other action to prosecute the case in the five weeks since then.

Because the first three factors weigh strongly in favor of dismissal and the remaining two factors do not forcibly counsel against dismissal, dismissal of this lawsuit is appropriate.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED**.  This lawsuit is hereby **DISMISSED with prejudice**.

DATED this 1st day of June, 2011.

_____
Gloria M. Navarro
United States District Judge