UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN D. PROTHEROE, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-00228-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| INDYMAC BANK/ONE WEST, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On April 11, 2011, the Court dismissed Plaintiff's Complaint but gave him fourteen (14) days in which to amend and re-file it. (*See* Order, ECF No. 10.)  Nearly two months later, on June 1, 2011, the Court dismissed the lawsuit with prejudice, as Plaintiff had not yet filed an Amended Complaint, nor had he requested an extension of time. (*See* Order, ECF No. 14.)  Plaintiff now brings a Motion for the Court to Reconsider its June 1, 2011 Order (ECF No. 16).  That Motion will be DENIED.

**I.    BACKGROUND**

As explained above, the Court dismissed Plaintiff's Complaint on April 11, 2011 but granted him fourteen (14) days in which to amend the Complaint and re-file it with the Court.  Thus, Plaintiff had until April 25, 2011 to file his Amended Complaint.  April 25, 2011 came and went without an Amended Complaint being filed.

On May 26, 2011, over a month after Plaintiff's Amended Complaint was due, Defendants filed a second Motion to Dismiss (ECF No. 12), in which they requested that the lawsuit be dismissed with prejudice in light of Plaintiff's failure to prosecute and failure to comply with the Court's Order.  Finding that Plaintiff had, indeed, failed to file an Amended Complaint, though it was due over a month earlier, the Court dismissed the lawsuit.

Subsequently, on June 6, 2011, Plaintiff filed a Motion for the Court to Reconsider its June 1, 2011 Order (ECF No. 16). Although Plaintiff acknowledges that "there is no excuse for not complying with the time frame that the court has ordered" (Mot. 1:24-25, ECF No. 16), he nonetheless offers excuses. First, he claims that he was confused by the "minutes to respond" (Mot. 1:25-26, ECF No. 16), despite the fact that the *Klingele* Minute Orders (ECF Nos. 5 & 13) to which he appears to be referring do not purport to pertain the time frame for filing the Amended Complaint. Second, he claims that he was distracted from the case by his ailing mother. However, neither of these concerns was raised by Plaintiff in the month-and-a-half period between when the deadline for the Amended Complaint was set and when the case was dismissed.

## II. DISCUSSION

Plaintiff requests that the Court reconsider its Order dismissing the case "on the grounds of oversight or excusable neglect . . . ," (Mot. 2:4-5, ECF No. 16). Although Plaintiff does not specify the Federal Rule of Civil Procedure upon which his Motion is premised, it appears to be brought pursuant to Rule 60(b)(1), which allows for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1).

To determine whether there was "excusable neglect," as used in Rule 60(b)(1), a court must evaluate four non-exhaustive factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). "Thus, although a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (internal footnote omitted).

In his Motion, Plaintiff only addresses the third factor, claiming that excusable neglect was present--even though he explained earlier that "there is *no excuse* for not complying with

the time frame that the court has ordered" (emphasis added)--because he was confused by the docket and was treating his ailing mother. However, these reasons are unconvincing. The Order at ECF No. 10 clearly states that "Plaintiff will have fourteen (14) days from the filing date of this Order to file an Amended Complaint," (Order 2:15-16, ECF No. 10), and the Docket Entry at ECF No. 10 indicates "Amended Complaint: 4/25/2011," thus cutting against any arguments concerning confusion. Further, although the Court understands that it may be difficult for a self-represented litigant to amend his Complaint and care for his ill mother at the same time, it wonders why these circumstances were not set out for the Court in the nearly two months after the Complaint was initially dismissed. No motion for an extension of time was ever requested during that time, nor did Plaintiff submit a notice indicating that he would not be able to proceed in a timely manner. Rather, it was only after Plaintiff's lawsuit was dismissed that these facts were disclosed. Such a failure to articulate these facts until the lawsuit was dismissed tends to cut against the fourth factor, which looks to whether Plaintiff has proceeded in good faith.

Because Plaintiff's Motion only addressed--and unconvincingly so--the third factor in the excusable neglect analysis, the Court would be within its discretion to deny his Motion on that ground alone. *See Bateman*, 231 F.3d at 1224 ("The court would have been within its discretion if it spelled out the equitable test and then concluded that [the movant] had failed to present any evidence relevant to the four factors."). But the first two factors also counsel against reinstituting Plaintiff's lawsuit. As to the first factor, this lawsuit has prevented Defendants from efficiently pursuing apparently valid foreclosure proceedings with regard the real property that is the subject of this lawsuit. Plaintiff's delay of over a month--without a definite end in sight--in amending his deficient Complaint has only served to further stall the foreclosure proceedings and prevent the sale of Plaintiff's property.

As to the second factor, the Court waited three times as long as it had initially

indicated for Plaintiff to file his Amended Complaint, but, yet, no Amended Complaint has been submitted.  Allowing Plaintiff to reinstitute the case would delay proceedings still further and prejudice Defendants, who, in light of Plaintiff's failure to comply with the deadline established by the Court, put forth the effort and expense of filing a second Motion to Dismiss (ECF No. 12) in an attempt to bring about the final resolution of this lawsuit.  The Court respects Defendants' desire for finality and does not find that Plaintiff's inexcusable-- by his own admission--delay in filing an Amended Complaint warrants the reinstitution of this lawsuit.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 16) is **DENIED**.

DATED this 10th day of June, 2011.

_____
Gloria M. Navarro
United States District Judge